David H. Madden
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon  97223
(503) 679-1671
ecf@mersenne.com


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| FATHERS & DAUGHTERS NEVADA, LLC,<br>          *Plaintiff*<br><br>*v.*<br><br>**Lingfu ZHANG**<br>          *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:...................3:16-cv-1443-SI<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |

---

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1,408 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

---

Defendant ZHANG opposes Plaintiff's Motion to Alter or Amend the final judgment entered 17 January 2018 in this matter (doc. #47).  For the reasons discussed below, the Court should DENY Plaintiff's motion.

# Contents

Contents..................................................................................................................2

Cases......................................................................................................................2

Introduction..........................................................................................................3

   Showing Required to Obtain Reconsideration ..................................................3

      Legal Standard ..........................................................................................3

   Plaintiff Fails to Show that Reconsideration is Deserved..................................4

   The Intent of the Plaintiff and its Exclusive Licensee is Irrelevant ..................5

   Plaintiff Failed to Comply with LR 7-1(a) ......................................................6

Conclusion.............................................................................................................6

# Cases

*389 Orange St. Partners v. Arnold*
   179 F.3d 656 (9th Cir. 1999) .....................................................................3

*Carroll v. Nakatani*
   342 F.3d 934 (9th Cir. 2003) .....................................................................4

*Kona Enterprises v. Estate of Bishop*
   229 F.3d 877 (9th Cir. 2000) .....................................................................5

*Lyden v. Nike*
   3:13-cv-662-hz (D.Or. 2014) .....................................................................6

*Motorola Inc. v. J.B. Rodgers Mech. Contractors*
   215 F.R.D. 581 (D.Ariz. 2003) ..................................................................6

*Puri v. Khalsa*
   3:10-cv-1532-mo (D.Or. 2017) .................................................................6

*Redwind v. Western Union*
   3:14-cv-1699-ac (D.Or. 2017) ..................................................................5

*Rufo v. Inmates of Suffolk Cty. Jail*
   502 U.S. 367 (1992) ..................................................................................4

*United States v. Alpine Land & Reservoir Co.*
   984 F.2d 1047 (9th Cir. 1993) ..................................................................4

*United States v. Rivercliff Farm, Inc.*
   3:15-cv-1248-si (D.Or. 2016) ...................................................................3

*Defendant's Opposition to [54] Plaintiff's Motion to Alter or Amend Judgment*

## Introduction

FATHERS & DAUGHTERS NEVADA, LLC initiated this lawsuit in July 2016. It lost by summary disposition in January 2018, when it became clear that it did not own the copyright it was purporting to enforce (and *had*, to all appearances, enforced against hundreds of other individuals in cases across the U.S., none of which proceeded to trial.) Now, on the advice of its new counsel, corporate plaintiff F&D invites individual defendant ZHANG to pay for another round of briefing, to oppose reconsideration of a properly-taken decision. The Court should DENY the present motion.

## Showing Required to Obtain Reconsideration

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999). None of these circumstances exist. Plaintiff does not even attempt to argue that there is new evidence or law. Neither does it argue that the Court erred in rejecting an argument made in its opposition to Defendant's MSJ. Rather, Plaintiff relies solely on new arguments and the declaration of a stranger to the action, without even suggesting that these were unavailable when they could properly have been presented.

Reconsideration is not a do-over or opportunity to present new arguments after the old ones have failed. Defendant ZHANG should not be put to the expense of further litigation just to give Plaintiff a mulligan.

## Legal Standard

The applicable legal standard for the present motion is summarized in *United States v. Rivercliff Farm, Inc.*, 3:15-cv-1248-si (D.Or. 2016, dkt. #50, 10 November 2016):

*Defendant's Opposition to [54] Plaintiff's Motion to Alter or Amend Judgment*

Federal Rule of Civil Procedure 60(b) governs reconsideration of final orders of the district court. Rule 60(b) allows a district court to relieve a party from a final judgment or order for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud … by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied … or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) requires a showing of "both injury and that circumstances beyond [the movant's] control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). A motion under Rule 60(b) must be made within a reasonable time and, in any event, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and quotation marks omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

*United States v. Rivercliff Farm, Inc.*, ellipses and signals in original.

Plaintiff asserts that the Court's decision of 17 January 2018 is "in direct conflict with the terms of the written agreement and applicable law," and as such, should be vacated as "clear error or manifest injustice." But Plaintiff has not shown – nor even *attempted* to show – that any of the circumstances related in *Alpine Land & Reservoir*, *Rufo v. Suffolk Cty. Jail* or *Carroll v. Nakatani* are present here. They are not. The Court should deny the instant motion because Plaintiff has not carried its burden to show mistake, new evidence or any other reason to consider its new arguments in this case.

## Plaintiff Fails to Show that Reconsideration is Deserved

Plaintiff's motion promptly launches into ten pages of new attorney argument about the meaning

of an agreement that Plaintiff originally objected to as "irrelevant" (Plaintiff's Opposition to MSJ, dkt. #38, p. 5.)  This is not "newly discovered evidence," it is merely Plaintiff's attempt to get a second bite at the apple, when it devoted only a few lines of its written MSJ briefing (*id.*, p. 12) to the proposition that it was a beneficial owner (pointing to a highly-redacted section of a *different agreement* for support of that claim).  Plaintiff's new argument would double the volume of its briefing in opposition to Defendant's Motion for Summary Judgment, yet there is no suggestion this argument could not have been presented at the proper time.

"A motion for reconsideration may raise new legal arguments only if the movant could not reasonably have raised the argument during the initial briefing."  *Redwind v. Western Union* (D. Or. 2017 – 3:14-cv-1699-AC, citing *Kona Enterprises v. Estate of Bishop*, 229 F.3d 877, 890-91 (9th Cir. 2000)).  Plaintiff had opportunity and reason to raise the "beneficial owner" argument – and *did* raise that argument – both in its papers opposing Defendant's Motion for Summary Judgment and at the oral argument conducted December 2017.  If it needed an additional ten pages of argument and the declaration of someone new to the action – someone *other than* the person Plaintiff identified as having the most knowledge about the agreements at issue – then it should have made those arguments and submitted that evidence when the issue was joined.  In the present posture of the case, this motion is merely a transparent (and futile) attempt to supplement the record for appeal.  The Court made its determination on the basis of full briefings and argument timely submitted, and Plaintiff points to no error of any kind in the Court's treatment of the arguments and evidence before it.

## The Intent of the Plaintiff and its Exclusive Licensee is Irrelevant

Plaintiff also argues that there is a triable issue of fact about the meaning of the Distribution Agreement, Exhibit E to the Motion for Summary Judgment, by which Plaintiff licensed "the exclusive right to distribute, license, sublicense, lease, rent, exhibit, promote, market, advertise,

publicize and otherwise exploit the picture […] by […] any and all means of dissemination to members of the public via the internet […]" to non-party Vertical Entertainment.  Plaintiff arrives at this purported triable issue via arguments about choice of law, interpretation of contracts under California law, and the California parol evidence rule, but it is wrong about the dispositive question.  Parol evidence may go a long way in California – perhaps Plaintiff could even convince a jury that it goes so far as to contradict the explicit language of the contract – but the intent of the parties is not the real problem.  The real problem is that what the parties intended – that an entity with no interest in the copyright should enforce it – is not permissible under the law.  Neither parol evidence nor even a swayed jury can change that.  So even if these new arguments and long-available "evidence" *were* considered, there is no reason to alter the summary dismissal.

## Plaintiff Failed to Comply with LR 7-1(a)

For the sake of completeness, Defendant notes that Plaintiff's motion does not include the certification required by LR 7-1(a), and that such omission provides a procedural basis for denying the motion.  *See, e.g., Puri v. Khalsa*, 3:10-cv-1532-mo (D.Or. 2017, dkt. #338, 20 December 2017).

## Conclusion

"The motion to reconsider should not be used to ask the court to rethink matters already decided." *Lyden v. Nike*, 3:13-cv-662-hz (D.Or. 2014, dkt. #49, 15 September 2014), citing *Motorola Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583-86 (D.Ariz. 2003).  Plaintiff has not established its entitlement to the "extraordinary remedy" of reconsideration – the first step in obtaining the actual relief it seeks.  The Court need not, and *should* not, spend time assessing new arguments that Plaintiff could have, and *should* have, presented during the MSJ briefing.

Plaintiff's recourse – if it truly believes the dismissal of its action was wrongly decided – is by

appeal to the Ninth Circuit.  This Court's January ruling is in accord with the evidence presented in the papers and at the hearing, properly addressed the arguments made by the parties, and is consistent with prevailing law.  There is no error, and no "manifest injustice" to be corrected.

Defendant ZHANG urges the Court to DENY Plaintiff's motion for reconsideration.

Respectfully submitted,


27 February 2018

_____          _____
                    Date                          David H. Madden, SBN OR080396
                                                  Attorney for Defendant Lingfu ZHANG
                                                  Mersenne Law
                                                  9600 S.W. Oak Street
                                                  Suite 500
                                                  Tigard, Oregon 97223
                                                  dhm@mersenne.com
                                                  (503)679-1671