John Mansfield, OSB No. 055390
john@harrisbricken.com
Megan Vaniman, OSB No. 124845
megan@harrisbricken.com
HARRIS BRICKEN
511 SE 11th Ave., Ste. 201
Portland, OR  97214
503-207-7313
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **FATHERS & DAUGHTERS NEVADA, LLC**,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**LINGFU ZHANG**,<br><br>　　　　　　　　　Defendant. | Case No.: 3:16-cv-01443-SI<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER F.R.C.P. 59(e) OR IN THE ALTERNATIVE, FOR RELIEF FROM A JUDGMENT UNDER F.R.C.P. 60(b)** |

　　　Defendant Zhang's Opposition to Plaintiff's Motions under Rules 59 or 60 claims that the motions are procedurally deficient, but does not argue the merits. Defendant fails, however, to analyze Plaintiff's motions under the correct legal standard, and omits any substantive response on the merits of Plaintiff's argument that there is a triable issue of fact that Plaintiff is a

- 1 -　　REPLY ISO MOTION UNDER F.R.C.P. 59(e) OR 60(b)

beneficial or legal owner of the copyright in suit. Plaintiff respectfully asks that this Court vacate the Final Judgment [ECF 47], as based on clear legal error.

## ARGUMENT

**Because the Final Judgment plainly conflicts with the terms of the written agreements and applicable law, it should be vacated as clear error or manifest injustice.**

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). As this case cited by Defendant shows, the standards for reconsideration under each rule are similar but not identical. Under Rule 59(e), reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) *committed clear error* or the initial decision was manifestly unjust, *or* (3) if there is an intervening change in controlling law." *Id.* (emphasis added). The Court of Appeals also notes in a dictum the differing standards for considering a motion under Rule 60(b): "If the School District's motion to reconsider could be deemed a Rule 60(b) motion, relief would still be unavailable. Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.'" *Id.* at 1263.

Because Plaintiff filed its motions within 28 days of entry of the Final Judgment, its motion is timely under either rule. *See* Fed. R. Civ. P. 59(e) (motion must be filed no later than 28 days after entry of judgment); Fed. R. Civ. P. 60(b) (motion must be filed "within a reasonable time…no more than a year after the entry of the judgment.") Here, Plaintiff's primary argument is that the Final Judgment's holding of no triable issue of fact under the sales agency

- 2 -    REPLY ISO MOTION UNDER F.R.C.P. 59(e) OR 60(b)

agreement that Plaintiff is a beneficial owner of the copyright in suit, is a clear legal error under Rule 59(e). Plaintiff's R. 59/60 Mot., 3-9; *see School Dist. No. 1J*, 5 F.3d at 1262. Defendant makes no substantive argument in response to this argument, instead urging that the Court should not reconsider this under the standards of Rule 60(b).

Plaintiff's secondary argument is that the Final Judgment's holding of no triable issue of fact under the Vertical License Agreement that Plaintiff is the legal owner of peer-to-peer rights, is also clear legal error under Rule 59(e). Plaintiff's R. 59/60 Mot., 9-13. Defendant makes a cursory and confusing response, apparently urging that what Plaintiff is claiming is that a party with no interest in a copyright may enforce it. Plaintiff does not make this straw man argument, but instead argues that there are triable issues of fact that could show legal ownership. Defendant offers no response to any of these arguments.

Rather than arguing the merits, Defendant's primary claims are that Plaintiff has not met the standards for reconsideration under Rules 59 or 60.  Defendant, however, conflates the standards applicable to reconsideration under these rules. The opposition brief states that "the applicable legal standard" is summarized by this Court in *United States v. Rivercliff Farm, Inc.*, No. 3:16–cv–1248–SI, 2016 WL 6662696, at *1 (D. Or. Nov. 11, 2016), but only quotes the standards applicable to Rule 60. Opposition, 4-5. Defendant goes on to argue that Plaintiff has not shown that "any of the circumstances [e.g., newly discovered evidence or change in law] related in *Alpine Land & Reservoir, Rufo v. Suffolk Cty. Jail or Carrol v. Nakatani* are present here." Of these cases, only *Carrol* even addresses Rule 59(e), and it confirms that such a motion may be considered by the district court if presented with any one of "newly discovered evidence," "clear error," or "an intervening change in the controlling law." *Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Plaintiff's brief argues legal error, and thus this Court may

exercise its discretion to review the Final Order.

Finally, Plaintiff's undersigned counsel apologizes for failure to complete the meet and confer requirement under the Local Rules, which was inadvertent.

## CONCLUSION

Plaintiff submits that it has shown under Rule 59(e) that there is clear legal error, which provides a basis on which this Court may reconsider the Final Order. Defendant has made no argument on the merits of the beneficial ownership argument, and no substantive argument on the legal ownership argument. Plaintiff respectfully asks this Court to review and vacate the Final Order.

DATED: March 13, 2018.  HARRIS BRICKEN

By: /s/ John Mansfield
John Mansfield, OSB No. 055390
john@harrisbricken.com
Megan Vaniman, OSB No. 124845
megan@harrisbricken.com
511 SE 11th Ave., Ste. 201
Portland, OR 97214
*Attorneys for Plaintiff*