IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FATHERS & DAUGHTERS NEVADA, LLC**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**LINGFU ZHANG**,<br><br>　　　　　Defendant. | Case No. 3:16-cv-1443-SI<br><br>**OPINION AND ORDER** |

John Mansfield and Megan Vaniman, HARRIS BRICKEN, 511 SE 11th Avenue, Suite 201, Portland, OR 97214. Of Attorneys for Plaintiff.

David H. Madden, MERSENNE LAW, 9600 SW Oak Street, Suite 500, Tigard, OR 97223. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　Plaintiff Fathers & Daughters Nevada, LLC ("F&D") sued Defendant Lingfu Zhang, alleging that Zhang copied and distributed F&D's motion picture *Fathers & Daughters* through a public BitTorrent network in violation of F&D's exclusive rights under the Copyright Act. The Court granted Zhang's motion for summary judgment, finding that F&D did not present evidence raising a genuine dispute as to any material fact regarding whether F&D was a beneficial owner or legal owner of the relevant exclusive rights in the *Fathers & Daughters* copyright. F&D now

moves the Court for reconsideration of that decision under Rule 59(e) or, alternatively, Rule 60(b) of the Federal Rules of Civil Procedure, arguing that the Court's decision is clearly erroneous or manifestly unjust. For the reasons discussed below, F&D's motion is denied.

## STANDARDS

Under Federal Rule of Civil Procedure 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011), *cert. denied*, 568 U.S. 959 (2012); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." (emphasis in original) (citation and quotation marks omitted)).

Rule 60(b) allows a district court to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) requires a showing of "both injury and that circumstances beyond [the movant's] control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). A motion under Rule 60(b) must be made within a reasonable time and, in any event, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party making the

Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation marks and citation omitted). "[R]econsideration is appropriate only in very limited circumstances . . . ." *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999). Raising arguments or providing evidence in a motion for reconsideration that could have been included when litigating the original motion are not proper grounds for reconsideration. *See id.* (finding no abuse of discretion by district court in denying a motion for reconsideration when movant offered no reason for failure to provide the evidence when litigating the underlying motion); *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."); *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) ("In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation." (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003))).

## DISCUSSION

F&D argues that the Court misconstrued the Sales Agency agreement in concluding that F&D was not a beneficial owner of the copyright. F&D also argues that a triable issue exists as to whether the peer-to-peer rights purportedly retained by F&D fall within the rights transferred to Vertical Entertainment, LLC ("Vertical") because extrinsic evidence must be considered under California law.

## A. Procedure

F&D argues that it is the beneficial owner of the copyright to *Fathers and Daughters* and offers new argument and a new declaration regarding interpretation of the Sales Agency Agreement. F&D originally offered no evidence or argument how it was the beneficial owner entitled to royalties from *Fathers & Daughters* under the Sales Agency Agreement. It offered only a cursory argument related to a different contract.

Similarly, F&D raises new arguments relating to Paragraph 7(a)(v) of the distribution agreement. F&D argues this provision is ambiguous and that there are factual issues requiring a jury to interpret whether the alleged infringement at issue in this case falls within that provision. Again, these are arguments that were not previously raised by F&D at summary judgment. Zhang specifically argued in support of his motion for summary judgment that F&D had licensed the digital rights at issue in this case in Paragraph 7(a)(v) of the distribution agreement to Vertical. In response to this assertion, F&D did not raise any of the arguments it raises in the motion for reconsideration. Reconsideration is not the time "to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation." *Cachil Dehe Band of Wintun Indians*, 649 F. Supp. 2d at 1069; *see also Shalit*, 182 F.3d at 1132; *Rosenfeld*, 57 F.3d at 811. Accordingly, F&D's motion is denied on this ground.

## B. Merits

Even if the Court considered F&D's motion on the merits, it would be denied.

### 1. Beneficial Owner

Despite F&D's original failure to offer any argument or evidence relating to the Sales Agency Agreement, the Court independently reviewed the Sales Agency Agreement. The Court, however, did not construe the agreement as F&D now asserts. F&D argues the Court misconstrued that Goldenrod Holdings ("Goldenrod") had the rights to the collections it

PAGE 4 – OPINION AND ORDER

negotiated. The Court, however, understood that under the Sales Agency Agreement collections by Goldenrod are "Gross Receipts." That is why the Court discussed in its Opinion and Order how Gross Receipts were to be distributed under the agreement, based on the copy of the Sales Agency Agreement provided to the Court.

F&D summarily asserts in its motion for reconsideration that F&D's beneficial interest is the Gross Receipts and that the Gross Receipts are "for the benefit" of F&D. F&D cites to no provision in the Sales Agency Agreement or other record evidence supporting this contention. As the Court discussed in its Opinion and Order, the Sales Agency Agreement describes in detail, and sets out in priority order, how Gross Receipts are to be distributed, although F&D chose to redact portions of that section of the contract. None of the unredacted distributions are royalties to F&D. Further, the final distribution category was entirely redacted. Thus, based on the record before the Court, there was no evidence of any distribution of royalties to F&D from Gross Receipts, or evidence that the remaining Gross Receipts after other expenses were paid would be distributed to F&D.

F&D argues that persons paid through the first priority payments out of Gross Receipts cannot be considered beneficial owners, but that is not what the Court held. The Court merely pointed out how the Sales Agency Agreement instructed Gross Receipts to be paid, and that it was not payment of royalties to F&D as required for F&D to be considered a beneficial owner. The fact that a vendor gets paid for its services out of Gross Receipts does not mean that vendor is a beneficial owner of the copyright. Notably, one of the fees paid in the unredacted section noted by the Court is a producer fee to F&D, which the Court did not find made F&D a beneficial owner because it was not a "royalty." Similarly, the Court did not find that the other vendor payments made those vendors beneficial owners.

It was F&D's burden at summary judgment to show a genuine dispute of material fact that it is a beneficial owner of the copyright, and F&D did not meet that burden. Similarly, F&D's conclusory statement that Gross Receipts are for its benefit does not support the extraordinary remedy of reconsideration.

**2. Contractual Interpretation**

F&D argues that the Court misapplied California law when it determined that Zhang's alleged violation of downloading and watching *Fathers and Daughters* on his computer fell within Paragraph 7(a)(v) of the distribution agreement licensing the rights to Vertical. F&D asserts that California law should apply in interpreting the distribution agreement and that under California law a court is required to consider extrinsic evidence when interpreting a contract.

The California Supreme Court has explained:

> "When a contract is reduced to writing, the intention of the parties is to be ascertained *from the writing alone*, if possible...." (Civ. Code, § 1639, italics added.) "*The language of a contract is to govern its interpretation*, if the language is clear and explicit, and does not involve an absurdity." (*Id.*, § 1638, italics added.) "The cardinal requirement in the construction of deeds and other contracts is that the intention of the parties *as gathered from the four corners of the instrument* must govern." (*Machado v. Southern Pacific Transportation Co.* (1991) 233 Cal. App. 3d 347, 352 , italics added.)

*City of Manhattan Beach v. Superior Court*, 13 Cal. 4th 232, 252-53, 914 P.2d 160, 173-74 (1996) (emphasis in original). As further explained by the California Court of Appeals:

> "The rules governing the role of the court in interpreting a written instrument are well established. The interpretation of a contract is a judicial function. In engaging in this function, the trial court 'give[s] effect to the mutual intention of the parties as it existed' at the time the contract was executed. Ordinarily, the objective intent of the contracting parties is a legal question determined solely by reference to the contract's terms. The court generally may not consider extrinsic evidence of any prior agreement or contemporaneous oral agreement to vary or contradict the clear and unambiguous terms of a written, integrated contract. Extrinsic

> evidence is admissible, however, to interpret an agreement when a material term is ambiguous. When the meaning of the words used in a contract is disputed, the trial court engages in a three-step process. First, it provisionally receives any proffered extrinsic evidence that is relevant to prove a meaning to which the language of the instrument is reasonably susceptible. If, in light of the extrinsic evidence, the language is reasonably susceptible to the interpretation urged, the extrinsic evidence is then admitted to aid the court in its role in interpreting the contract. When there is no material conflict in the extrinsic evidence, the trial court interprets the contract as a matter of law. This is true even when conflicting inferences may be drawn from the undisputed extrinsic evidence or that extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation. If, however, there is a conflict in the extrinsic evidence, the factual conflict is to be resolved by the jury."

*Jade Fashion & Co. v. Harkham Indus., Inc.*, 229 Cal. App. 4th 635, 651-52 (2014) (first alteration in original, remaining alterations omitted) (quoting *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1125-1126 (2008)); *see also Thompson v. Asimos*, 6 Cal. App. 5th 970, 987 (2016) (noting that "[i]n cases involving integrated contracts, the use of parol evidence is always subject to the limitation that parol evidence may not be used to vary or contradict the words the parties agreed upon, since an integrated writing must be taken as the best and final expression of their intent. (§ 1856, subd. (a); Cal. U. Com. Code, § 2202.) If there is no ambiguity—that is, the language is reasonably susceptible to only one interpretation—our inquiry into meaning has been completed and the one reasonable interpretation applies to the facts. (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264, 833 P.2d 545; Civ. Code, § 1638.)"). F&D does not argue that the distribution agreement is not integrated. The Court found it unambiguous that the rights allegedly violated by Zhang were rights that fell within the license to Vertical.

Moreover, the Court did consider the only extrinsic evidence offered by F&D at summary judgment, the declaration of Michael Wickstrom. The Court did not find the text reasonably

susceptible to more than one meaning despite this extrinsic evidence and thus found it unambiguous. F&D's argument that it necessarily is entitled to a trial because it disputes the meaning of a contractual term is not supported under California law. *See, e.g.*, *Jade Fashion*, 229 Cal. App. 4th at 651-52 (2014) (affirming trial court's grant of summary judgment and refusal to provisionally consider extrinsic evidence). F&D fails to meet its burden to show that the Court's contract interpretation was clearly erroneous or manifestly unjust, thereby qualifying as a "very limited circumstance" justifying reconsideration. *Shalit*, 182 F.3d at 1132.

## CONCLUSION

Plaintiff's motion (ECF 34) to alter or amend the Court's Judgment under Rule 59(e) or, in the alternative, for relief from judgment under Rule 60(b) is DENIED.

**IT IS SO ORDERED**.

DATED this 18th day of April, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge