# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FATHERS & DAUGHTERS NEVADA, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **LINGFU ZHANG**, <br><br> Defendant. | Case No. 3:16-cv-1443-SI <br><br> **OPINION AND ORDER** |

John Mansfield and Megan Vaniman, HARRIS BRICKEN, 511 SE 11th Avenue, Suite 201, Portland, OR 97214. Of Attorneys for Plaintiff.

David H. Madden, MERSENNE LAW, 9600 SW Oak Street, Suite 500, Tigard, OR 97223. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Fathers & Daughters Nevada, LLC ("F&D") sued Defendant Lingfu Zhang ("Zhang"), alleging that Zhang copied and distributed F&D's motion picture *Fathers & Daughters* through a public BitTorrent network in violation of F&D's exclusive rights under the Copyright Act. The Court granted Zhang's motion for summary judgment, finding that F&D did not present evidence raising a genuine dispute as to any material fact regarding whether F&D was a beneficial owner or legal owner of the relevant exclusive rights in the *Fathers &*

PAGE 1 – OPINION AND ORDER

*Daughters* copyright. Zhang now moves the Court for attorney's fees and costs under Section 505 of the Copyright Act and Rule 68 of the Federal Rules of Civil Procedure. F&D objects, arguing that Zhang is not entitled to attorney's fees under the Copyright Act and thus is not entitled to fees under Rule 68. F&D also objects that if Zhang is entitled to fees, the amount requested is unreasonable. For the reasons discussed below, Zhang's motion is granted in part.

**STANDARDS**

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

The U.S. Supreme Court has recognized the "broad leeway" this provision grants district courts in considering fee petitions, noting that the statutory text "eschews any 'precise rule or formula' for awarding fees." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). Nonetheless, the Supreme Court has held that fees should not be granted as a matter of course but should be considered on a case-by-case basis, and that "a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.'" *Id.* (quoting *Fogerty*, 510 U.S. at 527) (alterations in original).

The Supreme Court also "noted with approval 'several nonexclusive factors' to inform a court's fee-shifting decisions: 'frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Fogerty*, 510 U.S. at 534 n.19) (alterations in original). Of these, a court should give

PAGE 2 – OPINION AND ORDER

substantial weight to the reasonableness or unreasonableness of the underlying litigation positions of the party opposing the fee award, but must still take into account all other relevant factors. *Id.* at 1989. "[O]bjective reasonableness can be only an important factor in assessing fee applications—not the controlling one." *Id.* at 1988. Generally, because there is no explicit limit or condition placed on the district court in Section 505, a district court should consider whether the objective and purpose of the Copyright Act is being furthered by granting the requested fee award. *Id.* at 1986. "[C]opyright law ultimately serves the purpose of enriching the general public through access to creative works." *Fogerty*, 510 U.S. at 527.

A district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" in order to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," is "readily administrable," and is "objective." *Id.* (emphasis in original). Additionally, one purpose of federal fee-shifting statutes is to ensure that a prevailing plaintiff's counsel receive a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Id.* at 552. The lodestar method of calculating attorney's fees "yields a fee that is presumptively sufficient to achieve this objective." *Id.* Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*

The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097,

1102 (9th Cir. 2009).[1] In making this calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Id*. at 1203. Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id*. (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (quotation marks omitted)). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id.* (quoting *Gates*, 987 F.2d at 1400). The Ninth Circuit recognizes one exception to this rule: "'[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.'" *Id*.

---

[1] It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996) (quotation marks omitted)).

(alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

In addition, other courts, including the District of Oregon, specifically caution against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Attorney Fee Petitions, *available at* https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions (last updated Mar. 2, 2017). Applying this cautionary statement, United States Magistrate Judge John Acosta has noted, "the court may excuse this method when the billing period is no more than three hours." *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013). For block-billing periods in excess of three hours, however, Judge Acosta has reduced each applicable entry by fifty percent.

> Accordingly, the block-billed time requested over the three-hour maximum will be reduced by fifty percent. Such a reduction is warranted because the vague nature of the entry makes it impossible for the court to make *any* assessment as to the reasonableness of that time expended. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011) ("The fee award may be reduced if [plaintiff's] renewed request is supported only by block-billing statements of the relevant activity, although a fee award cannot be denied on this basis.").

*Id.* (alteration and emphasis in original).

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. This calculation yields the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "'Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district

PAGE 5 – OPINION AND ORDER

court sits.'" *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.*

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts in the District of Oregon have the benefit of several billing rate surveys. One useful survey is the Oregon State Bar 2017 Economic Survey ("OSB 2017 Survey"), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the OSB 2017 Survey is available at http://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf (last visited on June 12, 2018).

There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fee is not adequately taken into account in the lodestar calculation.[2] *See Perdue*, 559 U.S. at 552-54 (finding that, in certain circumstances, the superior

---

[2] Factors that may be relevant to the reasonableness of a fee include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and the ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Based on subsequent case law, a twelfth factor identified in *Kerr*, the fixed or contingent nature of the fee, is no longer a valid factor to

PAGE 6 – OPINION AND ORDER

performance of counsel may not be adequately accounted for in the lodestar calculation); *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although in ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled").

## DISCUSSION

**A. Whether an Award of Attorney's Fees is Warranted in this Case**

F&D argues that an award of attorney's fees is not appropriate in this case considering the *Fogerty* factors, particularly because Zhang prevailed at summary judgment based on standing, not a finding of noninfringement and because F&D's arguments at summary judgment were reasonable. F&D provides no authority for its argument that Zhang should not be awarded attorney's fees under Section 505 when considering the *Fogerty* factors.

F&D argues that Zhang did not achieve "complete" success because Zhang's summary judgment victory was based on standing. This argument is rejected. Numerous courts, including the Ninth Circuit, have awarded fees under Section 505 when summary judgment was granted based on standing. *See, e.g.*, *Naruto v. Slater*, 888 F.3d 418, 426-27 (9th Cir. 2018) (holding that the plaintiff did not have standing to bring a copyright claim and then finding under *Fogerty* that the defendants are entitled to attorney's fees and costs on appeal); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889-90 (9th Cir. 1996) (affirming district court's finding that the plaintiff did not have requisite ownership of the copyright and thus did not have standing under the Copyright Act, affirming district court's award of attorney's fees, noting that

---

consider in determining reasonable attorney's fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

PAGE 7 – OPINION AND ORDER

the defendant had "obtained *total success* in defending against [the plaintiff's] copyright claim," and remanding for determination of an additional fees to be awarded on appeal) (emphasis added); *TufAmerica Inc. v. Diamond*, 2016 WL 1029553, at * 2-3 (S.D.N.Y. Mar. 9, 2016) (awarding attorney's fees under *Fogerty* when summary judgment was granted based on standing); *Liang v. AWG Remarketing, Inc.*, 2016 WL 428294, at *8-9 (S.D. Ohio Feb. 4, 2016) (same); *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F. Supp. 2d 120, 126-28 (S.D.N.Y. 2008) (same).

F&D also argues that its positions were not frivolous or objectively unreasonable. At summary judgment F&D asserted that it owned the copyright because it had the original copyright registration. According to counsel for Zhang, F&D did not produce the relevant licenses and "vigorously" protested the subpoenas to third parties until the Court indicated that F&D did not have a basis to quash the subpoenas. That discovery ultimately resulted in the production of the relevant licenses that were relied on by the Court in its summary judgment ruling. F&D solely relied on its original copyright registration, without regard to subsequent exclusive licenses. As pointed out by Judge Gregory L. Frost, however, "the registrations created only a *prima facie* showing of ownership that can be—and was—rebutted. That fact that [the plaintiff] registered certain copyrights therefore does not create an objectively reasonable standing argument." *Liang*, 2016 WL 428294, at *8. It is well established that copyright ownership can be transferred through, among other things, an exclusive license. *See* 17 U.S.C. § 101; *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1170 (9th Cir. 2013). As the Court discussed in its summary judgment opinion, F&D transferred the relevant rights in its copyright via an exclusive license. The fact that F&D originally registered the copyright, therefore, does not make its standing arguments objectively reasonable, and the Court finds that F&D's arguments were

not objectively reasonable. *See, e.g.*, *Maljack*, 81 F.3d at 889 (finding that the district court "was within its discretion to find the copyright claims were objectively unreasonable in light of the UA/Batjac contract which gave the music rights to UA, GoodTimes' predecessor"). Moreover, even if F&D's arguments were objectively reasonable, given the totality of the circumstances, the Court would find an award of attorney's fees justified in this case.

In considering the factor of motivation, the Court recognizes that it is not always easy to ascertain a party's motivation. The Court thus looks to the F&D's conduct to provide some guidance as to its motivation. F&D resisted the subpoenas that resulted in the production of the exclusive licenses that revealed the ownership of the copyright. F&D also submitted to the Court an undated purported anti-piracy addendum that was produced late in discovery, is the only undated agreement in the record, is contrary to dated agreements in the record, and appears to have been created after this lawsuit was filed for the express purpose of creating standing. Thus, it appears that the deficiencies in F&D's standing were apparent to F&D, resulted in the late creation of this document (further supporting the Court's finding that F&D's position at summary judgment was unreasonable), and that F&D continued with this litigation despite the standing deficiencies. This calls F&D's motivation into question.

Looking at compensation and deterrence, the Court agrees "that the purposes of the Copyright Act are furthered by deterring the filing and pursuit of lawsuits in which the chain of title has not been adequately investigated by the plaintiff." *TufAmerica*, 2016 WL 1029553, at *3. The Court also recognizes the Supreme Court's guidance that district courts should be cognizant of deterring "overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case." *Kirtsaeng*, 136 S. Ct. at 1989. Additionally, a fee award here furthers the purposes of the Copyright Act because "defendants who seek to advance

a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty*, 510 U.S. at 527. A fee award also serves to compensate Zhang, who was exposed to significant attorney's fees to defend against unreasonable claims. Accordingly, the Court finds that Zhang is entitled to attorney's fees and costs under Section 505 of the Copyright Act.[3]

**B. Amount of Attorney's Fees**

F&D objects to the amount requested by Zhang, arguing that counsel for Zhang uses improper block-billing, improperly charges for administrative tasks, and fails sufficiently to identify certain tasks. Regarding the entries objected-to by F&D as containing improper block-billing, only one is for time greater than three hours. That entry is on March 12, 2017, for 3.6 hours. The Court reduces that entry by 50 percent, or 1.8 hours.

The Court has considered F&D's objections that certain entries do not contain a sufficient description and overrules those objections. Regarding F&D's objections to administrative time, counsel for Zhang responds that he is a sole proprietor without any paralegal or administrative assistance and that he already reduced his time by eliminating all time entries before the offer of judgment was made. Zhang's choice to submit less than all his time entries is his own judgment call, but regardless, clerical and administrative tasks are not recoverable in fee petitions, whether they are performed by an attorney or an administrative personnel. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) ("[T]he court should disallow not only hours spent of tasks that

---

[3] Because Zhang is entitled to attorney's fees under the Copyright Act, which allows a court to award reasonable attorney's fees as part of the costs, Zhang also is entitled to them under Rule 68 of the Federal Rules of Civil Procedure, because F&D refused Zhang's offer of judgment of $2,000 to settle the case.

PAGE 10 – OPINION AND ORDER

would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are easily delegable to non-professional assistance." (quotation marks omitted)); *Nunez v. Berryhill*, 2018 WL 1605721, at *5 (E.D. Cal. Apr. 3, 2018) ("Attorneys and paralegals may not legitimately bill for clerical or secretarial work."). As Judge Michael W. Mosman recently explained,

> Tasks which are clerical in nature are not properly billed as attorney fees but are overhead expenses absorbed by counsel. Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents.

*League of Wilderness Defs./Blue Mountains Biodiversity Project v. Turner*, --- F.3d ---, 2018 WL 1558277, at *7 (D. Or. Mar. 30, 2018) (quotation marks and citation omitted).

The Court has reviewed F&D's specific objections of purely clerical time and although some are overruled, some are sustained and thus the following reductions are appropriate:

| | | |
|---|---|---|
| 12/28/2016 | 0.1 | hours |
| 01/18/2017 | 0.1 | hours |
| 01/25/2017 | 0.1 | hours |
| 02/13/2017 | 0.1 | hours |
| 02/13/2017 | 0.1 | hours |
| 02/13/2017 | 0.1 | hours |
| 04/04/2017 | 0.9 | hours |
| 09/21/2017 | 1.7 | hours |
| 11/09/2017 | <u>0.5</u> | <u>hours</u> |
| TOTAL: | 3.7 | hours |

In sum, Zhang's total requested compensable hours of 151 is reduced by 5.5 hours (1.8 for block-billing, 3.7 for clerical time), leaving a remaining total of 145.5 hours. The Court finds this to be a reasonable number of hours expended in this litigation.

The Court also considers Mr. Madden's hourly rate in calculating the lodestar figure. F&D does not object to the hourly rate of $312 proposed by Mr. Madden and the Court finds it to

be reasonable. This results in a lodestar of $45,396. The Court finds this to be a reasonable amount in attorney's fees and does not find any exceptional or rare circumstances in this case supporting a departure from the lodestar calculation.

## C. Costs

Zhang requests $2,011.70 in costs. F&D does not object to this request. The Court finds the requested costs to be reasonable and compensable.

## CONCLUSION

Defendant Zhang's motion for attorney's fees (ECF 59) is GRANTED IN PART. Zhang is awarded $45,396 in attorney's fees and $2,011.70 in costs.

**IT IS SO ORDERED**.

DATED this 18th day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge